UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| INMAN RAY McANDREW | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:01-cv-165 |
| | ) | 3:94-cr-163 |
| | ) | *Jarvis* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Inman Ray McAndrew ("McAndrew").  For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.      Standard of Review

This court must vacate and set aside McAndrew's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  To prevail under § 2255, McAndrew "must show a 'fundamental defect which inherently results in a complete

miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

If it plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in the case that McAndrew is not entitled to relief in this court, the action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983).

II.    Factual Background

McAndrew pleaded guilty, pursuant to 21 U.S.C. § 846, to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). By judgment entered November 25, 1997, he was sentenced to a term of imprisonment of 210 months. McAndrew now challenges the legality of his sentence and relies on the U.S. Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In an amendment to the § 2255 motion, McAndrew claims his attorney rendered ineffective assistance of counsel by not objecting to the amount of drugs for which he was held accountable.

III.   Discussion

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a federal prisoner to file a § 2255 motion was if the respondent had been prejudiced in responding to the motion or petition because of the delay in filing.  Rule 9(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.  As a result of the AEDPA, however, a federal prisoner has one year in which to file a § 2255 motion.  The limitation period generally runs from the date on which the judgment of conviction becomes final.  McAndrew's § 2255 motion was filed well beyond the expiration of the limitation period.

The court notes that 28 U.S.C. § 2255 provides several exceptions to the statute of limitation, one of which is:  the one-year period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Arguably, because *Apprendi* was decided after McAndrew's conviction became final, it falls within this exception.  The Supreme Court, however, has not held that *Apprendi* should be applied retroactively.  *See Goode v. United States*, 305 F.3d 378, 381 (6th Cir. 2002) ("We conclude that *Apprendi* does not apply retroactively to initial § 2255 motions as it is not a watershed rule of criminal procedure.").

IV.    Conclusion

McAndrew is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.   This action will be **DISMISSED**.   The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  A certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

_____*s/  James H. Jarvis*_____
UNITED STATES DISTRICT JUDGE